IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**KEVIN RAY FOWLER,**

    **Plaintiff,**

v.                                              Case No. 2:05-cv-00434

**JERRY DETRICK, Administrator,**
**Potomac Highlands Regional Jail,**
**STEVE CANTERBURY,[1] Executive Director of**
**the West Virginia Regional Jail and**
**Correctional Facility Authority, and**
**other JOHN DOES to be named at a later time,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 23, 2005, filed a Complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement at the Potomac Highlands Regional Jail (docket sheet document # 2) and an Application to Proceed in forma pauperis (# 1). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or

---

[1] The undersigned notes that Mr. Canterbury is no longer the Executive Director of the West Virginia Regional Jail and Correctional Facility Authority. The Acting Executive Director is Jimmy B. Plear.

officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  Because it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling him to relief, he should not be given an opportunity to offer evidence in support of his claims.  See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

## PLAINTIFF'S ALLEGATIONS AND REQUESTS FOR RELIEF

Plaintiff is a West Virginia Division of Corrections inmate who is presently incarcerated at the Potomac Highlands Regional Jail, following his conviction in a Berkeley County Circuit Court.  Plaintiff alleges that the Potomac Highlands Regional Jail is "dangerously and very overpopulated."  (# 2 at 4-5).  Plaintiff specifically states:

> I have been incarcerated at the dangerously and very
> overpopulated regional jail system for over two years
> sleeping on the floor of a single occupancy cell in a 16
> man dorm with 20 or more inmates making the regional jail
> system dangerously and very overpopulated which in turn
> creates problems, tension, arguments and fights between
> inmates and the inmates being wrote up for the problems
> being caused by the extreme overpopulation and inhumane
> treatment we receive in the regional jail system which is
> in violation of my civil rights, civil liberties, state
> laws and federal laws.

(Id.)  Plaintiff seeks one million dollars for "pain and

suffering," and another million dollars in punitive damages. He further seeks release from the conditions of confinement. (Id. at 5).

## ANALYSIS

In Farmer v. Brennan, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the United States Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" Id. at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." Id. at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

3

>substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Plaintiff has alleged that the conditions at the Potomac Highlands Regional Jail are harsh, but he has not shown any actual "serious deprivation of a basic human need . . . ." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993).  Plaintiff has not alleged or demonstrated that he has been the victim of violence, or actually suffered any other serious harm.  Nor has Plaintiff alleged or demonstrated that Mr. Detrick, the Administrator of the Potomac Highlands Regional Jail, or Steve Canterbury, the former Executive Director of the Regional Jail Authority, have been deliberately indifferent to any serious deprivation of Plaintiff's basic human needs.  A named supervisor may be liable for acts of subordinates only if the official was aware of a pervasive, unreasonable risk of harm from a specified source and failed to take corrective action as a result of his deliberate indifference or tacit authorization of the offensive practice.  Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). At most, Plaintiff has pled that he was told "it was out of their control" and "there weren't enough beds available and the D.O.C. could not accept [him]."  (# 2 at 3).

Moreover, to the extent that Plaintiff is seeking monetary damages from the defendants, they are immune from liability under the Eleventh Amendment to the United States Constitution.  See Will

4

v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint (# 2), pursuant to 28 U.S.C. § 1915A(b)(1), and **DENY** Plaintiff's Application to Proceed in forma pauperis (# 1).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have three days (mailing) and ten days (filing of objections) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United

5

States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

<table>
<tr><td>September 20, 2005<br>Date</td><td>/s/ Mary E. Stanley<br>Mary E. Stanley<br>United States Magistrate Judge</td></tr>
</table>